# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-20-38-GF-BMM |
| Plaintiff, | |
| vs. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| DREW DION GALLINEAUX, | |
| Defendant. | |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on August 13, 2025. (Doc. 74.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on August 13, 2025 (Doc. 69.) The United States accused Drew Dion Gallineaux (Gallineaux) of violating the

conditions of his supervised release by: (1) committing another federal, state or local crime by being charged on July 2, 2025, with the misdemeanor offense of Failure to Give Notice of an Accident by Quickest Means, in violation of Mont. Code Ann. § 61-7-108; (2) using marijuana and methamphetamine between July 2, 2025 and July 5, 2025; (3) consuming alcohol between July 2, 2025 and July 5, 2025; (4) consuming alcohol on July 12, 2025; and (5) committing another federal, state or local crime by being charged on July 12, 2025, with the misdemeanor offense of Partner or Family Member Assault in violation of Mont. Code Ann. § 45-5-206(a).  (Doc. 66.)

At the revocation hearing, Gallineaux admitted he had violated the allegations 2, 3 and 4 in the  Petition. The Government moved to dismiss allegations 1 and 5, which Judge Johnston granted.  Gallineaux was advised of his right to appeal and allocute before the undersigned. He waived those rights.  (Doc. 69.)

Judge Johnston found that violations Gallineaux admitted proves serious and warrants revocation of his supervised release and recommends a term of custody of 5 months, with 16 months of supervised release to follow. During the term of supervised release, Gallineaux shall be placed in a residential re-entry center at the direction of his probation officer for a term of up to 180 days. (Doc. 74.)

The violations prove serious and warrant revocation of Gallineaux's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 74) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Drew Dion Gallineaux be sentenced for 5 months custody followed by 16 months supervised release with the first 180 days of supervised release be spent at a residential reentry center at the direction of his probation officer. Gallineaux must follow the terms and conditions of his supervised release until he can get into a residential center.

DATED this 4th day of September 2025.


_____
Brian Morris, Chief District Judge
United States District Courts